UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW TRAVIS HOUSTON,<br><br>Petitioner,<br><br>v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>Respondents. | Case No.: 2:22-cv-01745-APG-DJA<br><br>**Order** |

    This is a habeas corpus action brought by Matthew Travis Houston, an individual incarcerated at Nevada's High Desert State Prison. Houston initiated this action in the United States District Court for the Northern District of Iowa, and it was transferred to this Court on October 18, 2022. *See* ECF Nos. 1, 2, 3. I summarily dismiss this action because Houston has not paid the filing fee and has not filed an application to proceed *in forma pauperis*, because his petition is not on a proper form, and because his petition is plainly frivolous at any rate.

    Houston has not paid the filing fee and has not filed an application to proceed *in forma pauperis*, and his petition is not on a form required for habeas petitions in this Court. *See* LSR 3-1. Beyond that though, I find that Houston's petition is patently meritless. The court may grant a writ of habeas corpus to a person in state custody only if the person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(3); 28 U.S.C. § 2254(a). A state prisoner's claim is cognizable in a habeas action only if it falls within the "core" of habeas. *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016) (en banc). If success on a claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus" and must be brought, "if at all," in a civil rights action under section 1983. *Nettles*, 830 F.3d at 931. Furthermore, a federal court generally cannot grant a state prisoner's petition for writ of habeas corpus unless the petitioner has exhausted available state-court remedies. 28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455 U.S. 509 (1982). With these fundamental principles in mind, I cannot discern in Houston's petition

any potentially meritorious claim for habeas corpus relief. Houston's petition is nearly inscrutable, and it includes statements that are plainly frivolous, fanciful, and delusional. There is no indication that Houston can possibly plead any claim upon which habeas corpus relief could be granted. I will dismiss this action.

If Houston wishes to attempt again to initiate a habeas petition—the Court's records reflect that he has attempted unsuccessfully on numerous occasions in the past—he must draft a petition using a correct form, he must either pay the $5 filing fee or apply to proceed *in forma pauperis*, and he must fill out the form petition completely and in an understandable manner. I will direct the Clerk to send Houston the proper forms. If Houston wishes to attempt again to initiate a habeas action, he should *not* put the case number for this case, or any other previously dismissed case, on his forms; he must initiate a new action.

**IT IS THEREFORE ORDERED** that **this action is DISMISSED** without prejudice. A **certificate of appealability is DENIED** because jurists of reason would not find debatable whether the Court is correct in dismissing this action. The Clerk of the Court is directed to **ENTER JUDGMENT ACCORDINGLY**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to:

- **ADD** Aaron D. Ford, Attorney General of the State of Nevada, to the docket for this case, as counsel for the Respondents;
- **SERVE** the Respondents with a copy of the habeas petition (ECF No. 1) and a copy of this order. Respondents need take no action with respect to this case; and
- **SEND** Petitioner the forms for a petition for writ of habeas corpus under 28 U.S.C. § 2254, for a petition for writ of habeas corpus under 28 U.S.C. § 2241, for a civil rights action under 42 U.S.C. § 1983, and for an application to proceed *in forma pauperis*.

Dated: October 25, 2022

_____
U.S. District Judge Andrew P. Gordon